IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NATIONAL MEDICAL IMAGING, LLC et al<br><br>v.<br><br>U.S. BANK, N.A. et al | CIVIL ACTION<br><br>NO. 22-3744 |
|---|---|

**MEMORANDUM RE: MOTIONS FOR STAY OF "TRIAL" IN BANKRUPTCY COURT ON ATTORNEYS' FEES AND COSTS AND LEAVE TO APPEAL**

**Baylson, J.**                                                                                                               **November 9, 2022**

**I.      Introduction**

The parties in this case have been involved in a multi-year, lengthy, and complex proceeding in the Bankruptcy Court of this district. One of the long pending claims is Plaintiffs' claim for attorneys' fees and costs, totaling over $4.2 million, pursuant to Chapter 11, for which a trial is scheduled to start on November 28, 2022, before Judge Frank.

Defendants have filed a Motion for Stay of that proceeding in Bankruptcy Court. The parties have filed extensive briefs on the issue. Oral argument was held on November 7, 2022.

The Bankruptcy Court (Judge Frank) had denied a similar motion to stay proceedings in a short, persuasive Opinion dated October 12, 2022, (Ex. A to Resp. to Mot. for Stay Pending Appeal, Doc. No. 9). Judge Frank noted a pending Third Circuit appeal of a related Bankruptcy Court order among the parties.[1] Judge Frank concluded that the presence of an "issue overlap" did not warrant delaying the trial for attorneys' fees and costs. Judge Frank cited the appropriate Third Circuit principles as to whether a motion for stay should be granted, which need not be repeated here. As Judge Frank noted, a request for stay pending appeal is most commonly made after the Bankruptcy Court issues a final order resolving litigation before it, because, almost

---

[1]     The pending appeal was certified by this Court in a related action (2:21-cv-04594).

1

always, only final orders may be appealed from the Bankruptcy Court to the District Court by an aggrieved party, see 28 U.S.C. § 158(a).

Pursuant to a longstanding rule, the Third Circuit does not accept jurisdiction over an appeal if other motions, such as a petition for attorneys' fees and costs, are still pending in a lower court.  See In Re Diet Drugs, 401 F. 3d. 143 (3d. Cir. 2005).  Although the procedural setting here is different, the principle is the same.

Defendants have not shown that Judge Frank has abused his discretion.  To the contrary, Judge Frank's decision to deny a stay is based on sound docket control and Third Circuit precedent.

As discussed during the oral argument, the fact that there are some other pending issues in front of the Third Circuit, and also a possibility of another appeal to the Third Circuit on a related issue pending in this Court, does not mandate a stay.

A proceeding for attorneys' fees and costs is not novel.  Bankruptcy judges and district court judges make awards of attorneys' fees and costs frequently and, with application of governing Third Circuit and U.S. Supreme Court principles, the process is not complex.  In addition, whatever decision Judge Frank reaches on the issues of attorneys' fees and costs would be appealable, along with all other issues, to this Court or to the Third Circuit in due course.

Similar principles apply in considering Defendants' pending Motion for Leave to Appeal, Doc. No. 1.  Defendants may raise their legal arguments, alongside any others that may subsequently arise, in an appeal from the final judgment.  While a more immediate appeal may be more convenient for Defendants, this Court cannot find adequate justification to delay proceedings by certifying an interlocutory appeal under 28 U.S.C. 1292(b).  Such an appeal would not materially advance the termination of this litigation, but rather could unnecessarily prolong it.

The Court also notes that the delay that would result from a stay or interlocutory appeal would be harmful to both parties.  The relevant facts go back a decade.  Human recollection is

not infinite. The administration of justice, as well as both parties, would be adversely impacted by any further delay in resolving the factual questions at issue here.

Defendants have made numerous arguments in their brief and also at the oral argument on November 7, 2022, but they failed to show that Judge Frank abused his discretion or acted contrary to law in denying the Motion to Stay.

With this background, this Court will deny the Motion to Stay (Doc. No. 7), as well as the Motion for Leave to Appeal (Doc. No. 1).